IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY D. SEXTON,           )
AIS # 199563,                )
                             )
          Plaintiff,         )
                             )
     v.                      )        CASE NO. 2:25-CV-198-WKW
                             )                [WO]
WARDEN WILLIAMS, *et al.*,    )
                             )
          Defendants.        )

## <u>ORDER</u>

Plaintiff Timothy D. Sexton filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Warden Williams and three correctional officials, alleging violations of his federal rights.  (Doc. # 1.)  In an Order entered on June 26, 2025, Plaintiff was directed to file a response to Warden Williams's Motion to Dismiss (Doc. # 14) by July 17, 2025 ("June 26 Order").  (Doc. # 15.)  The June 26 Order expressly cautioned Plaintiff that his failure to file a timely response would result in dismissal for failure to prosecute and comply with the court's Order, without further notice. (Doc. # 15 at 1.)  To date, Plaintiff has not filed the required response.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure

to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this case, Plaintiff has not complied with the June 26 Order. Having carefully considered the circumstances of this noncompliance, the court finds that the dismissal of Plaintiff's action against Warden Williams is appropriate. The dismissal will be without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and

the notice provided.  It further concludes that no lesser sanction than dismissal of Plaintiff's action against Warden Williams would be effective.  *See id.*

Based on the foregoing, it is ORDERED that Plaintiff's action against Warden Williams is DISMISSED without prejudice.  Plaintiff's action proceeds against Defendants Elizabeth Lassiter, Brandon Walker, and Michael Calhoun.

It is further ORDERED that Warden Williams's Motion to Dismiss (Doc. # 13) is DENIED as moot.

DONE this 16th day of September, 2025.

                                   /s/ W. Keith Watkins
                          UNITED STATES DISTRICT JUDGE